## STATE OF FLORIDA v BENSON

Case No. 85-0778-CF-A-HDH

Twentieth Judicial Circuit, Collier County

*February 5, 1986*

**APPEARANCES OF COUNSEL**

**Michael R. N. McDonnell** for defendant.
**Jerry Brock** for plaintiff.

**OPINION OF THE COURT**

HUGH D. HAYES, Circuit Judge.

*CASE MANAGEMENT ORDER #2*

THE COURT FINDS, *sua sponte*, and after an extensive review of

the court file, that there is a substantial likelihood that a fair trial by an impartial jury may not result unless appropriate steps are taken concerning extrajudicial statements by parties, counsel, witnesses and prospective witnesses which are likely to interfere with the rights of the accused and the State. The publicity of this case by the newspapers and the broadcast media is quite extensive. Information contained in the media reports is unrestrained and often of such a prejudicial nature that it would be declared inadmissible evidence at trial. Selection of an impartial jury becomes more difficult when statements of trial participants are widely published and such statements can pose a serious and imminent threat of interference with the parties' rights to a fair trial.

It becomes abundantly clear, that the problem currently facing the Court is based upon an implicit requirement that the Court simultaneously apply two constitutional principles, to wit: the First Amendent's right of freedom of speech and freedom of the press, concomitantly with the Sixth Amendment's right of an individual accused of a crime to receive a fair trial by an impartial jury. A review of most of the court cases dealing with this issue has demonstrated that each case, with its peculiar set of fact circumstances, must be evaluated independently.

The question which initially arises in the fact circumstances of the current case before the Court involves an analysis of the extent or the degree of the Court's "inherent authority" as defined by the Florida Supreme Court in *State of Florida ex rel. Miami Herald Publishing Co. v. McIntosh*, 340 So. 2d 904 (Fla. 1976); *The Miami Herald Publishing Co. v. Lewis*, 426 So.2d 1 (Fla. 1982); *Thomas v. State of Florida*, 456 So. 2d 454 (Fla. 1984); and *Medina v. State of Florida*, 466 So.2d 1046 (Fla. 1985).

The federal courts of the United States in dealing with this same type of issue, have become more specific in defining what constitutes "inherent authority". To that end, the United States District Court in and for the Northern District of Florida has passed Local Rule 15 (which has been favorably reviewed by the U. S. Circuit Court of Appeals, Eleventh Circuit) to effectuate the fair trial guarantee. [See attachment.] Support for that Rule, which is basically being adopted herewith by this Court, can be found in a plethora of cases, and reference to the two more recent Florida federal decisions provide a reasonably good historical analysis of the application of this Rule. *United States of America v. Goldsby, et al.*, PCR85-00403/RV (N.D. Fla. March 14, 1985) and *United States of America v. Horne*, TCR84-07023/MP (N.D. Fla. June 15, 1984), it is, therefore,

30

**ORDERED:**

1. That all parties, counsel, witnesses and prospective witnesses shall not make or participate in making any extrajudicial statement, written or oral, concerning this case, other than a quotation from or reference to, without comment, the public records of the Court in this case. This Order specifically prohibits any statement which a reasonable person would expect to be disseminated by means of public communication and relates to:

A. Evidence regarding the occurrences or transactions involved in this case;

B. The identity or testimony of a witness or prospective witness;

C. The character, credibility, arrest or criminal record of a party, witness or prospective witness;

D. The existence or contents of any confession, admission, or statement given by a defendant, or the refusal or failure of a defendant to make any statement; the possibility of a plea of guilty to the offense charged or a less offense; or any opinion as to the defendants' guilt or innocence.

2. No person covered by this Order shall avoid its proscriptions by actions that indirectly, but deliberately, cause a violation of this Order.

3. Further, the names and addresses of prospective jurors are not to be released except on order of the Court.

4. The provisions of this Order shall remain in effect throughout these proceedings, until such time as a verdict has been returned, unless modified by this Court. Counsel for the parties are responsible for the communication of the terms of this Order to all parties, witnesses and prospective witnesses.

DONE AND ORDERED this 05 day of February, 1986.